Good morning, Your Honors. Lisa Rosado Rodriguez on behalf of Appellant Luis Guzman-Batista. Your Honors, if I may reserve two minutes for rebuttal. Yes, you may have it. Thank you. Mr. Guzman-Batista contends that the District Court clearly erred when it denied his motion to suppress by finding that Officer Rivera's affidavit was credible. Okay, but here you know the Magistrate Judge held a hearing and reached one conclusion. She doubted the credibility of the State Police Officer who testified. Then there was an appeal to the District Court, and the District Judge says, okay, I'm going to have my own hearing and listen to the testimony. And then the District Judge concludes that the State Officer is credible. Okay, so how can this be clear error, especially when it turns on a credibility finding? District Judge isn't bound by what a Magistrate Judge thinks about credibility. No, yes, but it was clear error because Mr. Guzman could not have done everything that they said he did. There was enough evidence in the record, wasn't there, from which you could draw the conclusion that actually he could well have. It depended on sort of where within the perimeter he was. It depended, your argument, depended on the equipment being working flawlessly. All of the things that the Magistrate Judge relied on, the District Judge thought weren't very important and that he could reach the conclusion he reached. Well, Your Honor, respectfully, I actually think that our position is the one that presents objective evidence, and the position of the government is the one that requires all the stars to align perfectly for it to be able to happen. Because we had objective evidence. We showed that the system was working, that there was no alarm on that day. It is the government which says, well, the supposition upon the supposition, and then maybe it could happen. Hypothetically? Possibly? Yes, it might, but it is practically impossible. Isn't there conflicting evidence as to the speed of the car? Well, at the first hearing…  Depending on which of the two versions you believe, then you end up with a different result. Yes. That doesn't mean that it has something to do with the stars or anything. It has to do with objective testimony, which the Court believed one and not the other. That ends the case as far as I can see. Well, if I may, Your Honor. Yes. I do think there is still objective evidence as to that, because the mileage offered by Officer Rivera as his testimony, we brought videos showing actually how much time it would take from one house to the other. Who? The defense. The video is on the appendix. I mean, was it of the actual… Yes. …of the car moving through the streets? Yes. It is attached on the appendix, and the video is… Wait a minute. Are you telling me that there is a video that shows when he left his house and when he arrived? No, no, no, no. That's what I'm talking about. Oh, well, that's… We believe that actually that goes in our favor, because exactly the only thing that says that Mr. Guzman was outside the house and at what speed he was going is the testimony of Officer Rivera. He doesn't have a video. He doesn't have a photo. Nobody has a video. He doesn't have anything. I know, but then he's saying everything that happens happened within the six minutes, because you know what? It is uncontested that there was no alarm. So he had to make all of the facts fit into that period. And by the way, it is uncontested that the system was working and that there was no alarm, and the government knows that. So the speed time… I don't know if maybe I made myself clear. As I understand it, one witness says the car was traveling at 35 miles an hour, and the other one said something different. And the court believed the one that said that at that speed, you did fall outside the parameters. Well, actually, what the court said was that it didn't matter. The six minutes didn't matter. He just believed that he was outside the house. So the court didn't go into explaining if he believed one speed versus the other. When I was referring… Maybe I didn't explain myself well. When I was referring to the video that the defense entered into evidence was that based on the testimony of the officer, and he said I was going at 35 miles per hour, then we conducted an experiment of driving the distance at that mileage, showing that it was a minute and four seconds and a minute and eight seconds. So that's what I was referring to about the objective evidence. If we just focus on what the district court actually found, which is he believed he was outside the boundaries. I don't know how we get beyond that. The evidence that was presented presented not hypothetical, but it presented actual possibilities as to the operation of the monitoring itself. The amount of time, the amount of leeway between when you were out and when it would finally buzz, assuming he was outside of the perimeter of the alarm, how much time he could be there before he had to get back within the area. From my perspective, I thought the defense mounted a good defense, but the government came back and countered it with contrary evidence, which I respectfully disagree that they actually brought back contradictory evidence or contrary evidence. Their evidence was the testimony of Officer Rivera. That's it. They have no videos. They have no photographs. They have nothing. We showed to Josh a system that was working, a pretrial services that was no fan of our client and had to stand there and admit that on that day he did not reach the perimeter because there was no alert. There was no manipulation alert also. Our position is that the six minutes do matter. If he didn't have an electronic monitoring device, then Officer Rivera's testimony will stand maybe as a challenge. But in this case, he tailored his testimony to try to then fit what he said he saw Mr. Guzman doing within the allotted time because they know that we have a system that said that it didn't happen. He didn't leave his house for more than six minutes. Is there any other questions? Do you have anything more to say? Well, we just believe that it is actually pretty clear that there was error. There are insufficient findings to support the decision of this report when compared with all of the objective evidence that was shown before it. Thank you. Thank you. Good morning, Your Honors. Juan Reyes on behalf of the United States. Your Honors, I'd like to begin by clarifying the review standard, actually addressing it because it was addressed in the briefs, although the defense seems to assume now that it's clear error. They state in the briefs that the district court did not make factual findings but merely recited facts as we explained in our briefs and provided record references for. It did make factual findings. And importantly, one of those findings was to give credibility to Agent Rivera's relevant testimony of the October 9, 2012 observations. And that was as they were documented in the affidavit, and that was the central issue in the Franks hearing. And I'd like to add that the rules of criminal procedure only require that the court state its essential findings on the record. And in this case, the court complied with that requirement. Now, as to the merits, an important feature in this case is that Agent Rivera's affidavit has a presumption of validity. Therefore, if Guzman wanted to prove that Agent Rivera gave an impossible version of events, as they allege, the burden was on them, on the defense, on Guzman, to present evidence ruling out those possibilities. And they failed to do that, Your Honors. Actually, the videos that the defense mentions today proved the contrary to what they alleged, because the videos showed that the trip that was made from the Los Pinos house, the house A8, during that trip, it was approximately at 36 seconds of the clock where the driver first stated that he reached, I believe it was 30 miles an hour, and then he spent around 18 seconds crossing from 30 to 35 miles an hour, and then ultimately at around 52 seconds of the clock, you see that he's reducing speed already. So he took a much, they had a much more leisurely pace than what the evidence showed that Guzman was traveling. Specifically, the government presented, and we object to the defense's point that the government only presented the testimony of Agent Rivera. The government also presented the testimony of Special Agent Gonzalez. Significantly, he testified that it takes approximately 40 seconds at an average speed of 30 miles an hour to travel from Guzman's wooden house to the Los Pinos house. However, it is important to note that it may have been, Guzman may have done it in less, because Agent Rivera testified that he was pursuing Guzman at approximately 35 to 40 miles an hour, but that significantly Guzman was going a little faster. That was the testimony. Also, Agent Rivera presented, testified as to the time that Guzman spent in the house, the Los Pinos house, and he said it was approximately five minutes, but again, Your Honors, it's an approximation. He wasn't clocking the target. It could have been less. But in any event, even assuming arguendo that Guzman left his wooden house and came back all in approximately six minutes, or maybe even a little over six minutes, still Your Honors, the record shows that the monitoring device did not, it wasn't necessarily that it would have triggered an alert, because critically Guzman enjoyed a head start of up to approximately 150 feet, and he enjoyed that head start, that broad perimeter on the way back. And it's significant the way the house was structured as compared to the main road, Road 562, in that Guzman could have exited his house, walked to the street, hopped on his yellow Yamaha Banshee, traveled to Road 562, entered that road, picked up speed, and he would have still been within the perimeter. Presumably, he would have been within the perimeter. So that is a significant feature that the magistrate judge did not consider appropriately in her determination. And as we explained in our briefs, the record contained other possibilities, plausible explanations for why this was so. Another of those possibilities is not... Why didn't he just arrest him? I'm sorry? Why didn't he just take him into custody? Yes, Your Honor, the... He knew he was on home confinement, and he magically knew he was outside of the ban. Why didn't he just arrest him? Well, Your Honor, it was an ongoing investigation. He was instructed to surveil the drug house at Los Pinos, which was occupied by a gentleman named Adam Rodriguez, and there was information that the owner of the marijuana being sold was Guzman. He was, as I mentioned, he was instructed to surveil. He also mentioned for safety reasons, but it is also important that he's carrying on this investigation, making sure he gets all the data to then be able to search whatever is necessary, be it the Los Pinos house, wherever Guzman was going, or both. And another, as I was mentioning, did I answer your question, Your Honor? Thank you. Another possibility not ruled out by the record, as we mentioned in our brief, was that Guzman may have simply manipulated the system. The record contained documented instances, the file contained documented instances of his manipulations, manipulation attempts, and so we know that he was constantly trying to test the system for weaknesses and gain the upper hand. And actually we see this seven days prior to the relevant events on October 2nd, we have a manipulation attempt that is documented. So we see how he's trying to learn how to be able to get out of the house and do what he needs to do in that house. But significantly, there is nothing on the record that the system is flawless or foolproof. So it is plausible that at least sometimes he may have manipulated the system, and that was a plausible explanation for what occurred. And the record supports other reasonable explanations, Your Honors. And actually I'd like to address a comment made by the defense that it is uncontested that there was no alert. What the record shows is that his file at pretrial services did not show an alert. That is what the file shows, but we cannot concede that there wasn't an alert because what we know is that the file kept by pretrial services did not issue an alert. And that is different from conceding that there was no alert. And so basically, Your Honors, what's important here is that it was Guzman's burden under Frank's exacting standard to prove that Agent Rivera made false statements and to prove that he gave an impossible version of the events as they alleged. It was his burden to present evidence ruling out those possibilities and he failed to do that. Accordingly, we request that this court affirm the district court's judgment. Thank you, counsel. Thank you. Your Honor, I want to respond first about the ATF agent. Well, the ATF agent at the de novo hearing admitted that the calculations he made were estimates. That's on page 278 of the appendix. He admitted also that he didn't go inside the house, so he didn't know where the receiving unit was. He also admitted that the calculation of the driving time did not take into account the speed bumps that were on the road. That's on page 279 of the appendix. And the ATF agent also admitted that there was no assurance that the range was actually 150 feet. It could have been lower. All the calculations that give us 40 seconds on driving time are based on the suppositions. There is no fact in there. Counsel, since you bore the burden, it seems to me every one of your arguments is an argument against your position. Do you have anything else to say? Well, Your Honor, will you repeat that? I don't know if I understood. There's a presumption of correctness, isn't there? Yes. And so it was your burden to show that this information was incorrect. Exactly. Right? And if it's based on estimates, you're the one who has to show that certain estimates are necessarily true. Which we did by the videos. And also, I see I have almost no time, but I want to make sure to know that Officer Rivera admitted that he didn't know where Mr. Guzman was coming from. So since we don't know where he was coming from, we can just assume that he was coming from his home. Also, there was no alert of manipulation. My time is up. Thank you. Thank you.